**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**JOSHUA WILSON**                                                                                          **PLAINTIFF**

**V.**                                    **CASE NO. 1:13CV00109-BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                                                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joshua Wilson appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for Disability Insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for Supplemental Security Income ("SSI") benefits under Title XVI of the Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.     Background**

On January 6, 2011, Mr. Wilson protectively filed for DIB and SSI benefits due to acute colitis, chronic arthritis, and back pain. (Tr. 122, 128) Mr. Wilson's claims were denied initially and upon reconsideration. At Mr. Wilson's request, an Administrative Law Judge ("ALJ") held a hearing on September 17, 2012, where Mr. Wilson appeared with his lawyer. (Tr. 22) At the hearing, the ALJ heard testimony from Mr. Wilson and a vocational expert ("VE"). (Tr. 23-36)

The ALJ issued a decision on November 2, 2012, finding that Mr. Wilson was not disabled under the Act. (Tr. 11-18) On November 4, 2013, the Appeals Council denied Mr. Wilson's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-4)

Mr. Wilson, who was 25 years old at the time of the hearing, had a General Education Development certificate and no past relevant work experience. (Tr. 24, 34)

## II.     Decision of the Administrative Law Judge[1]

The ALJ found that Mr. Wilson had not engaged in substantial gainful activity since November 1, 2010, and that he had the following severe impairments: back pain and mild diverticulosis. (Tr. 13) The ALJ also found, however, that Mr. Wilson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 14)

According to the ALJ, Mr. Wilson has the residual functional capacity ("RFC") to perform light work, except he could only occasionally climb, balance, stoop, bend, crouch, kneel, or crawl. (Tr. 14) The VE testified that the job available with these limitations was a machine operator. (Tr. 18, 35)

After considering the VE's testimony, the ALJ determined that Mr. Wilson could perform a significant number of jobs existing in the national economy, and found that Mr. Wilson was not disabled.

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)-(g) (2005).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

### III. Analysis

#### A. Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

#### B. Mr. Wilson's Argument for Reversal

Mr. Wilson argues that the ALJ incorrectly found that he could perform occupations existing in significant numbers in the state and national economy because the ALJ's hypothetical did not accurately describe his work-related limitations. (Docket entry #11)

Mr. Wilson argues that there "is no medical evidence to support the ALJ's determination that Wilson can perform a wide range of light work." (*Id.*) In his application, Mr. Wilson indicated that his "pain is extreme" and "keeps [him] in bed most of the time" and keeps him up most of the night. (Tr. 129, 139) Mr. Wilson also

3

indicated, however, that he did "not take any medicines nor see a doctor because [he] cannot afford either of these." (Tr. 149)

Mr. Wilson provided only three records to support his claims. The first is from a November 14, 2009 surgery, where Mr. Wilson had abscesses in his jaw drained. (Tr. 179) Although the notes indicate that Mr. Wilson mentioned a history of back problems, the doctor found "no back tenderness." (Tr. 180, 189)

The second record is from a March 19, 2011 consultative examination by Dr. John Nelson, who noted "tenderness in the mid-lower back to palpitation." Dr. Nelson also noted that Mr. Wilson was not able to stand on his tiptoes or heels, or bend and squat without lower back pain. (Tr. 191-193) Dr. Nelson surmised that the back pain was caused by a bulging disc, but indicated that additional imagining was needed to confirm. Mr. Wilson, however, had no muscle asymmetry or atrophy. (Tr. 192) He had good muscle tone and full strength in all muscle groups. (Tr. 193) X-rays of his lumbosacral spine showed no abnormalities. Finally, Dr. Nelson found that Mr. Wilson "most likely will not be able to walk and/or stand for a full workday . . . [but he] can sit for a full work day. . . ."

The third record is from June 24, 2011, when Mr. Wilson underwent a CT scan of his abdomen and pelvis because of abdominal pain. (Tr. 208-210) The scan showed mild diverticulosis and the possibility of early appendicitis. (Tr. 208)

In denying Mr. Wilson's claim, the ALJ noted that Mr. Wilson "is not under any treatment, has not been to the hospital for any reason since June 2011," and took only

4

aspirin for his pain.  (Tr. 16)  Mr. Wilson testified that he could not afford medicine or treatment, but as the ALJ noted, there is nothing in the record to indicate that he had ever attempted to get free or discounted health care.  Mr. Wilson testified at the hearing that he had not sought out free or low cost health care.  (Tr. 28)  As the ALJ noted, Mr. Wilson had not had an MRI, injections in the lower back, or operations.  (Tr. 191)  The ALJ found that the "absence of treatment tends to suggest that his allegations of debilitating pain are not as severe as alleged."  (Tr. 17)

When there is no evidence that a claimant has taken advantage of low-cost or no-cost medical treatment available to him, an ALJ can properly find that a claimant's financial condition was not severe enough to justify his failure to seek treatment.  See *Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir. 1992).  Additionally, while Mr. Wilson stated he was unable to afford medication and treatment, he also testified that he continued to smoke and, according the medical records, had been smoking a 1/2 pack of cigarettes a day for the last 15 years.  (Tr. 30, 33, 191).  Smoking is an expensive, ongoing habit that can be considered when weighing Mr. Wilson's credibility.  This is especially true where, as here, Mr. Wilson's attorney conceded there were low-charge clinics in the area that cost as little as $15.00.  (Tr. 33)  Further, the attorney noted that he sends his clients lists of the low charge clinics when he agrees to represent them.  (Tr. 33)

The ALJ also considered the opinions of the state medical consultants and found their conclusions to be consistent with Dr. Nelson's findings.  Mr. Wilson takes issue with the ALJ's finding that there was nothing in the record supporting his claim that he

"is disabled or even has limitations greater than those determined in this decision." (Tr. 17)  Mr. Wilson argues that Dr. Nelson "found that Wilson cannot engage in the prolonged standing or walking necessary to engage in light work." (#11)  Actually, Dr. Nelson found that Mr. Wilson "most likely" would not be able to "walk and/or stand" for a full workday.  Light work, however, requires the ability to stand or walk for six hours of an eight hour workday, not a full eight hours.  See SSR 83-10, 1983 WL 31251, *6 ("the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. . . .  Sitting may occur intermittently during the remaining time.").  Dr. Nelson concluded that Mr. Wilson could "sit for a full workday." (Tr. 193)  Mr. Wilson also testified that sitting did not hurt his back as badly as walking or standing. (Tr. 28)

     Clearly, light work is not limited only to walking and standing, as Mr. Wilson appears to argue; it may involve "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. 404.1567(b).  Dr. Nelson specifically found that Mr. Wilson could sit for a full workday without any pushing or pulling restrictions.  Additionally, the RFC finding is consistent with the state medical consultants' conclusions.  The ALJ properly considered the findings of Dr. Nelson and the state medical consultants, and Mr. Wilson's credibility, when concluding that Mr. Wilson was capable of light work, with additional restrictions on occasional climbing, balance, stooping, bending, crouching, kneeling, and crawling. (Tr. 14)

## IV. Conclusion

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, Mr. Wilson's appeal is DENIED, and the Clerk of Court is directed to close the case.

IT IS SO ORDERED, this 24th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE